IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) ) | C O M P L A I N T<br><br>**JURY TRIAL DEMAND** |
| DELL, INC., | ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to restrain the unlawful payment of wages to an employee of one sex at rates less than the rates paid to an employee of the opposite sex, and to collect back wages due to Kea Golden as a result of such unlawful payments, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Golden. As alleged with greater particularity below, Defendant Dell, Inc., discriminated against Kea Golden, an information technology worker employed by Dell Inc., by engaging in unlawful compensation discrimination during which she has been paid lower wages and/or compensation than paid to her male counterpart for performing substantially equal work.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to

enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. Section 2000e-5(f)((1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705 and by Section 706(f)(1) and (3) of Title VII, 42 U.S. C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Dell, Inc., has continuously been doing business in the State of Texas and has continuously had at least 15 employees.

5. At all relevant times, Defendant, Dell, Inc., has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

6. At all relevant times, Defendant, Dell, Inc., has continuously employed workers engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j).

7.     At all relevant times, Defendant Dell Inc. has continuously been an employer engaged in an industry affecting commerce within the meanings of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e(b), (g) and (h).

CONDITIONS PRECEDENT

8.     More than 30 days prior to the institution of this lawsuit, Kea Golden filed a charge with the Commission alleging violations of the Equal Pay Act and Title VII.

9.     On July 31, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the Equal Pay Act and Title VII were violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10.    On September 9, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation, advising Defendant that the Commission as unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.    All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF EQUAL PAY ACT CLAIMS

12.    Since at least September 2017, Defendant, Dell, Inc., has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying Kea Golden lower wages and/or compensation than has been paid to a male colleague for equal work.

(a)    In September 2017, Defendant, Dell, Inc. hired Golden as an Information Technology ("IT") Analyst. At the time of hire by Defendant, Golden had 24 years of IT experience.

(b)    Prior to working for Defendant, Golden worked for American International Group ("AIG") in the storage department. From April 1994 through Aug. 2017, Charging Party worked

as an IT Tech Analyst II, Backup and Recovery Operations and Engineering in the storage department for AIG.

(c)   Defendant acquired the AIG storage department in September 2017. The storage department was comprised of four IT workers, including Golden and three male employees.

(d)   Golden and the other three storage department employees began working for Defendant in September 2017 on Defendant's backup engineering team. During her employment with Defendant, Golden performed the same tasks, assignments and work as her male co-worker David Torres.

(e)   At the time of Defendant's acquisition of AIG, Golden was hired at the pay rate of $72,100 per year with a 5 percent bonus potential. Her lone comparator: David Torres, was hired at the pay rate of $89,610 per year with an 8 percent bonus potential.

(f)   On October 16, 2018, Golden received a merit increase, raising her annual salary to $73,542.

(g)   During her employment with the Defendant, Golden performed work in a position requiring equal skill, effort, and responsibility under similar working conditions as David Torres.

(h)   Throughout her employment with the Defendant, Golden was paid less than David Torres even while performing work requiring equal skill, effort and responsibility.

13.   As a result of the actions complained of above, the Defendant has unlawfully withheld the payment of wages due to Golden.

14.   The unlawful practices complained of in paragraphs 7 and 8 above were willful.

## STATEMENT OF TITLE VII CLAIMS

15.   Since at least September 2017, Defendant has engaged in unlawful employment practices in violation of Section 706(f)(1) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

16. The unlawful practices include subjecting Golden to disparate treatment with respect to the terms and conditions of employment based on sex (female).

17. The Commission re-alleges and incorporates by reference the allegations set forth in paragraph 12(a)-(h).

18. The effect of the unlawful practice complained of above has been to deprive Golden of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

19. The unlawful employment practices complained of above were and are intentional.

20. The unlawful employment practices complained of above were and are done with malice or reckless indifference to the federally protected rights of Golden.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, Dell, Inc., its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of sex.

B. Grant a permanent injunction enjoining the Defendant Dell, Inc., its offers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from paying wages to employees of one sex at rates less than rates at which they pay employees of the opposite sex for substantially equal work, considering the skills, efforts and responsibilities of the jobs performed under similar working conditions.

C. Order Defendant, Dell, Inc., to institute and carry out policies, practices, and programs, which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

  D. Grant a judgment requiring Defendant, Dell, Inc., to make whole Kea Golden by providing appropriate backpay and an equal sum of liquidated damages, and prejudgment interest to Golden and provide other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  E. Grant a judgment requiring Defendant, Dell, Inc., to make whole Kea Golden by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience and humiliation in amounts to be determined at trial.

  F. Grant a judgment requiring Defendant, Dell, Inc. to pay Golden punitive damages for its intentional, malicious and reckless conduct, as described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        SHARON FAST GUSTAFSON
        General Counsel

        ROBERT CANINO
        Acting Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        SUZANNE M. ANDERSON
        Acting Regional Attorney
        Texas Bar No. 14009470

/s/ Joel Clark
JOEL CLARK
Senior Trial Attorney
Texas Bar No.  24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Tel No. (972) 918-3611
Fax No. (214) 253-2749
